# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01000-FWS-KES                                        Date: May 18, 2022
Title: *Melody J. Liddell v. All Persons Unknown*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                                Attorneys Present for Defendant:

Not Present                                                                  Not Present

**PROCEEDINGS: Order to Show Cause Why Action Should Not be Dismissed for Lack of Subject Matter Jurisdiction [1]**

Before the court is petitioner Melody J. Liddell's ("petitioner") *Ex Parte* Verified Petition for Declaratory Relief and to Quiet Title ("Petition"). (Dkt. 1.) In the Petition, petitioner asserts this court has subject matter jurisdiction under 28 U.S.C. § 1331 because "[c]ivilian aircraft must be 'registered' with the Civil Registry of the Federal Aviation Administration." (Dkt. 1 at ¶ 6.)

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Based on the state of the record, as applied to the applicable law, the court finds that petitioner has not adequately alleged facts supporting subject matter jurisdiction in the Petition. Petitioner's citation to 28 U.S.C. § 1331 alone does not convert her claim into a federal cause of action. *See Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) ("[T]he mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists."). 28 U.S.C. § 1331 only provides that, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under that statute, "no matter what, federal question jurisdiction lies only

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01000-FWS-KES                                    Date: May 18, 2022
Title: *Melody J. Liddell v. All Persons Unknown*
_____

where 'it appears from the complaint that the right to relief depends upon the construction or application of federal law.'" *Newtok Vill. v. Patrick*, 21 F.4th 608, 619 (9th Cir. 2021) (quoting *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005)).

     Moreover, even if the court could exercise subject matter jurisdiction, the court doubts whether the circumstances presented in the Petition support granting *ex parte* relief. To justify *ex parte* relief, the moving party must establish: (1) that their cause of action will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that they are without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492-93 (C.D. Cal. 1995). Here, the Petition's only stated basis for *ex parte* relief is petitioner's desire to "proceed with the sale [of the aircraft] to a third party." (Dkt. 1 at ¶ 18.)

     For the reasons set forth above, petitioner is hereby **ORDERED** to show cause, in writing, no later than **May 25, 2022**, why this action should not be dismissed for lack of subject matter jurisdiction. Failure to respond to the Order to Show Cause may result in the dismissal and/or remand of this action.

                                               Initials of Deputy Clerk:  mku