JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01000-FWS-KES                                                                  Date: June 13, 2022
Title: *Melody J. Liddell v. All Persons Unknown*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

|  Melissa H. Kunig  | N/A |
| --- | --- |
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                                          Attorneys Present for Defendant:

Not Present                                                                            Not Present

**PROCEEDINGS: ORDER DISMISSING ACTION FOR LACK OF JURISDICTION [1] AND DENYING AS MOOT *EX PARTE* APPLICATION [9]**

On May 17, 2022, Petitioner Melody J. Liddell ("Petitioner") filed an *Ex Parte* Verified Petition for Declaratory Relief and to Quiet Title ("Petition") seeking *ex parte* declaratory relief to establish title to an aircraft. (Dkt. 1.) On May 18, 2022, the court issued an Order to Show Cause ("OSC") why the action should not be dismissed for lack of subject matter jurisdiction. (Dkt. 5.) On May 20, 2022, Petitioner filed a response to the OSC ("OSC Response"). (Dkt. 7.) On June 9, 2022, Petitioner filed a second *ex parte* application seeking declaratory relief to establish title. (Dkt. 9.)

The court finds that Petitioner has not sufficiently demonstrated that federal subject-matter jurisdiction exists in this action. For the reasons discussed below, the court **DISMISSES** this action for lack of jurisdiction and **DENIES AS MOOT** Petitioner's second *ex parte* application.

**I.    Legal Standard**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 257 (1994) (citation and internal quotation marks omitted). "Congress has authorized federal courts to exercise original subject matter jurisdiction in many actions, including 'all civil actions arising under the Constitution,

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01000-FWS-KES  Date: June 13, 2022
Title: *Melody J. Liddell v. All Persons Unknown*

___

laws, or treaties of the United States' (28 U.S.C. § 1331), civil actions commenced by the United States (*id*., § 1345), certain civil actions brought against the United States for damages (*id*., § 1346(a)(2)), and civil actions 'to quiet title to an estate or interest in real property in which an interest is claimed by the United States' (*id*., § 1346(f))." *Tearlach Res. Ltd. v. W. States Internat., Inc.*, 219 Cal. App. 4th 773, 780 (2013).

"The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

"Federal question jurisdiction extends only in those cases in which a well-pleaded complaint establishes 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law.'" *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal*., 463 U.S. 1, 27-28 (1983)). "[T]he mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists." *Easton*, 114 F.3d at 982.

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh*, 546 U.S. at 514. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01000-FWS-KES                                Date: June 13, 2022
Title: *Melody J. Liddell v. All Persons Unknown*

___

**II.  Discussion**

In her May 20, 2022, OSC Response, Petitioner asserts the court has subject matter jurisdiction over this action for the following reasons: (1) Petitioner seeks to clarify ownership title via a court order as required under 14 C.F.R. § 47.11(d)[1]; (2) Federal Aviation Administration ("FAA") regulations establish the priority of interests and preempt state law; (3) the sale of the aircraft to a third party for export to Mexico is subject to international treaties; (4) ownership of the aircraft was previously determined in Orange County Superior Court; (5) the FAA negligently failed to remove the lien; (6) Petitioner relied on the prior seller's title search; and (7) the FAA has reason to know that the lien is not valid.  (OSC Response at 1-2.)  Petitioner further requests that the court reconsider her *ex parte* application, and either allow Petitioner to amend her pleadings or transfer the action to state court.  (*Id.* at 2-3.)

Petitioner repeats these arguments in the second *ex parte* application, along with additional arguments that Petitioner will suffer irreparable harm from the loss of the pending sale, potential inability to sell the aircraft, maintenance costs, and potential damage from the aircraft sitting inactive.  (Dkt. 9 at 1, 4-5.)

Based on the state of the record, as applied to the applicable law, the court finds that Petitioner has not adequately alleged facts supporting subject matter jurisdiction in the Petition.  Where, as here, an action only asserts state law claims and does not name diverse parties, federal subject matter jurisdiction does not exist.  *See, e.g., Easton*, 114 F.3d at 982 ("[T]he mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists.").  "The provisions of the Federal Aviation Act preempt State law insofar as

___

[1] 14 C.F.R. § 47.11(d) provides that, "[t]he owner of an aircraft, the title to which has been in controversy and has been determined by a court, must submit a certified copy of the decision of the court."  The court observes that § 47.11(d) does not state that title to an aircraft must be decided by a federal court.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01000-FWS-KES                                                    Date: June 13, 2022
Title: *Melody J. Liddell v. All Persons Unknown*

___

they relate to the priority of liens. . . But matters touching on the validity of liens are determined by underlying State law." *In re Holiday Airlines Corp.*, 620 F.2d 731, 733 (9th Cir. 1980).

Indeed, courts in this district have previously dismissed quiet title actions on the ground that a state law claim for quiet title does not present a federal question under 28 U.S.C. § 1331. *See, e.g.*, *Huddleston v. Argent Mortg. Co. LLC*, 2013 WL 12114774, at *1 (C.D. Cal. Nov. 20, 2013) ("Moreover, because plaintiffs' complaint asserts only a state law claim for quiet title, it does not appear that the Court may exercise jurisdiction over this case on the basis of a federal question."); *Abraham v. Bank of Am., N.A.*, 2015 WL 12838015, at *1 (C.D. Cal. July 29, 2015) ("Moreover, Plaintiff has not adequately alleged the facts essential for federal question subject matter jurisdiction. Indeed, Plaintiffs have only alleged state law claims for quiet title and expungement of the trustee's deed upon sale dated May 20, 2015."); *Olive v. Gonzalez*, 2013 WL 12155710, at *1 (C.D. Cal. Feb. 28, 2013) ("First, plaintiff's claim does not appear to present a federal question under 28 U.S.C. § 1331, because a claim for quiet title arises solely under state law."). The court further finds Petitioner's claims do not establish subject matter jurisdiction under 28 U.S.C. § 2409a or 28 U.S.C. § 2410, two federal statutes relating to quiet title claims. *See, e.g., Robinson v. U.S.*, 586 F.3d 683, 686 (9th Cir. 2009) (stating that for a court to have jurisdiction under 28 U.S.C. § 2409a, "(1) the United States must claim an interest in the property at issue, and (2) there must be a disputed title to real property"); *Elias v. Connett*, 908 F.2d 521, 527 (9th Cir. 1990) (explaining that "[u]nder 28 U.S.C. § 2410, the United States may be joined as a party to a quiet title action affecting property upon which it claims a lien").

The court finds that, despite the arguments raised by Petitioner in her May 20, 2022, OSC Response, the court lacks subject matter jurisdiction over this quiet title action. Accordingly, this action is **DISMISSED** in its entirety. *See Arbaugh*, 546 U.S. at 514 (stating "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety").

As for Petitioner's renewed request for *ex parte* relief (*see* Dkt. 9), the court reiterates that such relief is only justified when the moving party can establish: (1) that their cause of

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01000-FWS-KES | Date: June 13, 2022 |
| Title: *Melody J. Liddell v. All Persons Unknown* | |

action will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that they are without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect.  *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492-93 (C.D. Cal. 1995).  "[F]iling an *ex parte* motion, whether of the pure or hybrid type, is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!'"  *Id*. at 492.  Accordingly, "[t]here had better be a fire."  *Id*.  For argument's sake, even if the court had subject matter jurisdiction, the court finds Petitioner has not set forth sufficient facts demonstrating that she would be "irreparably prejudiced if the underlying motion is heard according to regular noticed procedures."  *Id*. at 492.  The court **DENIES AS MOOT** Petitioner's second *ex parte* application.

     For the reasons set forth above, the record demonstrates there is no subject-matter jurisdiction and this action is **DISMISSED** in its entirety.

                                        Initials of Deputy Clerk:  mku